# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:11cr14

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **WILLIAM LEE PEOPLES, II.** | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress Evidence [Doc. 20]; the Magistrate Judge's Memorandum and Recommendation [Doc. 40], recommending that the Defendant's Motion to Suppress be denied; and the Defendant's Written Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 44].

**I. PROCEDURAL HISTORY**

On February 2, 2011, the Defendant was charged in a bill of indictment with one count of manufacturing marijuana and one count of possessing marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. On March 27, 2011, the Defendant filed a motion to suppress the evidence seized during a search of his residence on September 9, 2010 on

the grounds that (1) the erroneous description of the place to be searched as set forth in an attachment to the search warrant application invalidated both the search warrant and the subsequent search and (2) probable cause did not exist to support the issuance of the search warrant. [Doc. 20]. Prior to the suppression hearing, the Defendant withdrew his argument that the search warrant lacked probable cause. [Doc. 29].

On April 18, 2011, the Honorable Dennis L. Howell, United States Magistrate Judge, conducted an evidentiary hearing on the Defendant's motion. On June 9, 2011, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the motion to suppress be denied. [Doc. 40]. The Defendant timely filed Objections to the Memorandum and Recommendation. [Doc. 44]. The Government did not respond to the Defendant's Objections.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Rule 59(b)(1) of the Federal Rules of Criminal Procedure. The Court must consider any objection to the magistrate judge's recommendation <u>de novo</u>. Fed. R. Crim. P. 59(b)(3). Where no objection is made, however, the Court need "only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, 1983 advisory committee's note).

III.   **FACTUAL BACKGROUND**

The Defendant makes several objections to the factual background as recited by the Magistrate Judge in the Memorandum and Recommendation. First, the Defendant takes issue with the Magistrate Judge's finding that both Detective Trantham, the officer who applied for the search warrant, and Judge Letts, the judicial officer who issued the search warrant, signed the page attached to the warrant application and denoted as Attachment 2 "without noticing the incorrect caption and the incorrect directions for the place to be searched."   [Doc. 40 at 9].  The Defendant argues that this finding is "not reasonable" and improperly "assum[es] that Judge Letts believed the caption and/or directions to be incorrect."  [Doc. 44 at 3].

Contrary to the Defendant's argument, the Magistrate Judge's finding does not make any impermissible assumptions about Judge Letts's beliefs. Rather, this finding accurately reflects Detective Trantham's testimony that each page attached to the search warrant application, including Attachment 2, was signed by both Detective Trantham and Judge Letts, and that the

3

errors in Attachment 2 were not discovered until after the warrant was signed and executed. The Magistrate Judge's factual finding in this regard was correct, and therefore, the Defendant's objection is overruled.

Next, the Defendant takes issue with the Magistrate Judge's findings regarding the events that occurred after Detective Trantham received the signed warrant, arguing that such events are irrelevant to the issues raised in the suppression motion. [Id.]. This argument is without merit. The Magistrate Judge's findings in this regard accurately reflect the testimony of Detective Trantham, and their inclusion in the Memorandum and Recommendation was not improper. Therefore, this objection is also overruled.

The Defendant next argues that the Magistrate Judge gave undue credit to the fact that Detective Trantham did not attempt to cover up his mistake by replacing the incorrect Attachment 2 with a correct version before the search warrant was filed. [Id. at 3-4]. This argument, too, is without merit. The Magistrate Judge simply noted that "[i]n spite of realizing his mistake, Trantham filed the original Application for Search Warrant, including the incorrect Attachment 2, with the Clerk of Superior Court of Haywood County." [Doc. 40 at 10]. The Court does not construe this finding as the Magistrate Judge giving any type of "credit" to Detective Trantham for his actions. This

finding accurately reflects the testimony of Detective Trantham and is not clearly erroneous. Defendant's objection in this regard is therefore overruled.

Having overruled the Defendant's objections to the Magistrate Judge's factual findings, and upon careful examination of the entire record[1] in this case, the Court finds that the Magistrate Judge's findings of fact as set forth in pages 2 through 11 of the Memorandum and Recommendation are correct and deserving of adoption by this Court. These findings are therefore adopted and incorporated herein.

## IV. DISCUSSION

With respect to the Magistrate Judge's legal conclusions, the Defendant first contends that the Magistrate Judge erred in refusing to apply North Carolina law in evaluating the validity of the search warrant. [Doc. 44 at 4-5]. This argument must be rejected. State law has no bearing on the admissibility of evidence in a federal criminal case. See United States v. Clyburn, 24 F.3d 613, 616 (4th Cir. 1994) ("[T]he Fourth Amendment, not federal rules or state law, governs the admissibility of evidence obtained by state officers but ultimately used in a federal prosecution."). The Magistrate Judge correctly

---

[1] Although no transcript was prepared of the hearing before the Magistrate Judge, the Court has reviewed the FTR recording of that proceeding and finds that the Magistrate Judge's findings of fact accurately recount the testimony given therein.

refused to apply North Carolina law to this case. This objection, therefore, is overruled.

Next, the Defendant argues that the Magistrate Judge erred in reviewing all of the attachments to the search warrant application in determining whether the Fourth Amendment's particularity requirement was satisfied. [Id. at 5-6]. The Defendant urges the Court to examine only Attachment 2 in making such determination, as this Attachment "is the only attachment which purports to identify the location of the residence [Detective Trantham] wished to search." [Id.].

The Magistrate Judge did not err in this regard. The Defendant does not dispute that the search warrant application and its attachments were incorporated by reference into the search warrant itself. As such, it was proper for the Magistrate Judge to review the entire search warrant application, including all of its attachments, in determining whether the warrant satisfied the particularity requirement. See United States v. Hurwitz, 459 F.3d 463, 471 (4th Cir. 2006) (noting that court may consider supporting affidavit or document that is either incorporated by reference or attached to the warrant in determining whether particularity requirement is met).

6

Moreover, the fact that one of the attachments to the search warrant application contained technical errors in the description of the place to be searched does not necessarily render the search warrant fatally defective. United States v. Owens, 848 F.2d 462, 463 (4th Cir. 1988) ("An erroneous description in the warrant . . . does not necessarily invalidate a warrant and subsequent search."). In determining whether the particularity requirement has been satisfied, the appropriate inquiry "is not whether the description is technically accurate in every detail, but rather whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched." United States v. Durk, 149 F.3d 464, 465 (6th Cir. 1998) (internal quotation marks and citations omitted).

Here, the Magistrate Judge examined all of the pages of the search warrant, the search warrant application, and the application's attachments and found that all of the pages therein, other than Attachment 2, contained not only the proper name of the Defendant but also the correct address of his residence at 61 East Marshall Street, Waynesville, North Carolina. [Doc. 40 at 18-19]. The Magistrate Judge further found that the Detective Trantham's affidavit provided ample probable cause for the search of the dwelling house

7

located at 61 East Marshall Street. [Id. at 20-21]. Finally, the Magistrate Judge noted that Detective Trantham had been involved in the surveillance of the dwelling house located at 61 East Marshall Street and knew that was the premises he wanted to search. [Id. at 21-22]. Based on these findings, the Magistrate Judge was correct in concluding that the search warrant application described the place to be search with sufficient particularly to enable the executing officer to locate and identify the premises with some reasonable effort, and that there was no reasonable probability of a mistake being made and finding the actual premises which were searched. The Defendant's objection, therefore, is overruled.

Finally, the Defendant argues that the Magistrate Judge erred in concluding that Detective Trantham acted in good faith in this case. The Defendant specifically contends that "any 'good faith' to which [Detective Trantham] might have been entitled evaporated when he intentionally failed to inform Judge Letts and the District Attorney's Office of [his] error." [Doc. 44 at 7]. This argument is without merit. Detective Trantham testified at the suppression hearing that he did not discover the technical errors in Attachment 2 until *after* the search warrant was executed and he was in the process of preparing the inventory of items seized. The Defendant has not

8

cited any authority to support his contention that Detective Trantham's failure to disclose this error after the fact somehow negates the officer's good faith in securing and executing the search warrant in the first place. The Defendant's objection is overruled.

VI. **CONCLUSION**

For the reasons stated herein, the Court concludes that the Magistrate Judge's findings of fact are correct and that his conclusions of law are consistent with current law. Accordingly, the Court overrules the Defendant's objections to the Memorandum and Recommendation and hereby accepts the Magistrate Judge's recommendation that the motion to suppress be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Written Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 44] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 40] is **ACCEPTED**; and the Defendant's Motion to Suppress Evidence [Doc. 20] is **DENIED**.

**IT IS SO ORDERED.**   Signed: July 12, 2011

Martin Reidinger
United States District Judge