# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11 CR 14

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| WILLIAM LEE PEOPLES, II. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** came on to be heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on December 27, 2011. At that time the court presented the issue of whether or not the defendant should be detained pursuant to 18 U.S.C. § 3143(a)(2). This matter further came before the court pursuant to an oral motion made by counsel for defendant requesting that defendant continue to be released on terms and conditions of pretrial release, pursuant to 18 U.S.C. § 3145(c). The defendant was present with his attorney, Richard Cassady and the government was present and represented through Assistant United States Attorney Don Gast. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On February 2, 2011 a bill of indictment was issued charging the defendant in count one with knowingly and intentionally manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) and in count two with possessing with intent to

distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On December 27, 2011 the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the defendant to count one as contained in the bill of indictment, that being the crime of manufacturing marijuana in violation of 18 U.S.C. § 841(a)(1). At the end of the Rule 11 proceeding, the court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on December 27, 2011 to the crime of manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of

Assistant United States Attorney Don Gast as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. Mr. Gast advised the court that such a recommendation could not be made in this matter. As a result of the plea of guilty of defendant, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. Based upon the statements of Mr. Gast, it appears that no attorney for the government has recommended or will recommend that no sentence of imprisonment be imposed upon defendant. It would thus appear the undersigned is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of defendant.

Defendant's counsel made an oral motion contending that exceptional circumstances exist which would merit the continued release of defendant, pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger instructed the undersigned to conduct the exceptional circumstances determination as set forth by the above referenced statute.

The definition of what constitutes exceptional circumstances is set forth in United States v.Vilaiphone, 2009 WL 412958 (February 19, 2009 WDNC):

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

In the oral motion, defendant's counsel argued that during the period of release

the defendant had successfully completed the CHAMPS drug treatment program in Charlotte, NC and was undergoing continued drug treatment in Waynesville and Sylva, NC. Defendant has further attended South Western Community College and obtained his GED and is obtaining further education by taking courses at Haywood Community College. Defendant's counsel further represented, without objection, defendant had been fully and completely compliant with all terms and conditions of pretrial release.

The undersigned has compared the contentions of defendant with the definition of exceptional circumstances by Judge Reidinger in <u>Vilaiphone</u>. The undersigned cannot find that what the defendant contends are exceptional circumstances are circumstances "clearly out of the ordinary, uncommon, or rare." The undersigned is of the opinion that the circumstances shown by the defendant do not meet the definition of exceptional circumstances that merits the continued release of defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release of defendant are hereby **REVOKED** and the defendant be placed in the custody of the United States Marshals pending sentencing in this matter.

Signed: January 11, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge