# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:11cr14

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WILLIAM LEE PEOPLES, II. ) | |

**THIS MATTER** is before the Court on the Defendant's Appeal of Revocation of Pretrial Release [Doc. 59], filed January 20, 2012.

## I. PROCEDURAL BACKGROUND

On February 2, 2011, the Defendant was charged in a Bill of Indictment with manufacturing marijuana (Count One) and one count of possessing marijuana with the intent to distribute (Count Two), in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. The Defendant was arraigned on February 10, 2011. Following a detention hearing on February 17, 2011, the Defendant was ordered detained pending trial. [Doc. 8].

On February 24, 2011, the Defendant moved for reconsideration of the detention order. [Doc. 13]. Following a hearing, Magistrate Judge Dennis L. Howell granted the Defendant's motion and ordered the Defendant released

to the custody of his father so that the Defendant could attend the Community Housing and Matrix Program (CHAMPS) drug treatment program at the McLeod Residential Re-Entry Center in Charlotte, North Carolina. [Docs. 17, 18]. Following his completion of the CHAMPS program, the Defendant was continued on pretrial release, subject to remaining in the custody of his father and such other conditions as home detention and location monitoring. [See Doc. 31].

On May 25, 2011, the Defendant moved for a review of his bond status. [Doc. 37]. Magistrate Judge Howell granted the Defendant's motion and modified the Defendant's conditions of pretrial release to place the Defendant in the custody of his wife, Debra Cagle. [Doc. 38].

On August 10, 2011, the Defendant again moved for a modification of the terms of his pretrial release to remove the requirements of electronic monitoring and home detention. [Doc. 46]. Magistrate Judge Howell granted the Defendant's motion on August 23, 2011. [Doc. 50].

On December 27, 2011, the Defendant pled guilty pursuant to a plea agreement to Count One as set forth in the Bill of Indictment. Upon acceptance of the Defendant's guilty plea, Magistrate Judge Howell revoked the Defendant's bond and ordered him detained pursuant to 18 U.S.C. §

3143(a)(2). [Doc. 58]. The Defendant now appeals the Magistrate Judge's Order. [Doc. 59].

## II. ANALYSIS

The Mandatory Detention Act of 1990 requires that defendants who are found guilty of certain categories of offenses must be detained pending sentencing, with three exceptions. See 18 U.S.C. § 3143(a)(2); United States v. Goforth, 546 F.3d 712, 713-14 (4th Cir. 2008). First, a defendant may be released pending sentencing if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). Second, a defendant may be released pending sentencing if "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(ii). The third exception is found in 18 U.S.C. § 3145(c), which provides, in pertinent part, as follows:

> A person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1)[1] . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are

---

[1] Section 3143(a)(1) provides, in pertinent part, that a defendant who is awaiting sentencing may be released if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1).

3

> *exceptional reasons* why such person's detention would not be appropriate.

18 U.S.C. § 3145(c) (emphasis added). The District Court is a "judicial officer" within the meaning of § 3145(c) and is therefore authorized to release defendants when "exceptional reasons" exist. Goforth, 546 F.3d at 716.

Due to the nature of the offense to which he pled guilty, the Defendant is subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 1343(a)(2). The Defendant is not subject to release pursuant to either 18 U.S.C. § 3143(a)(2)(A)(i) or 18 U.S.C. § 3143(a)(2)(A)(ii), but rather seeks release pursuant to 18 U.S.C. § 3145(c), arguing that there are exceptional reasons why his detention pending sentencing would not be appropriate. Specifically, the Defendant argues that while on pretrial release, he has been gainfully self-employed; that he has cooperated with federal officials and has worked as a confidential informant on the state level; that he completed the CHAMPS program and has regularly attended drug treatment counseling; and that he has obtained his GED and attended community college. [Doc. 59 at 1-2].

Although the Defendant asks the Court "to soften its stance on 'exceptional circumstances'" [Doc. 59 at 2], the caselaw is clear. "Exceptional reasons" are circumstances which are "clearly out of the ordinary, uncommon,

or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release) (citation omitted); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (citation omitted). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's gainful employment and educational accomplishments, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination."); see also United States v.

5

Vilaiphone, No. 3:08cr232, 2009 WL 412958, at *2 (W.D.N.C. Feb. 18, 2009) (finding Defendant's lack of significant criminal history, his gainful employment, and the hardship imposed on Defendant's family did not constitute "exceptional" circumstances). For the foregoing reasons, the Court concludes that the Defendant does not satisfy the requirement for release under § 3145(c).

**IT IS, THEREFORE, ORDERED** that the Defendant's Appeal of Revocation of Pretrial Release [Doc. 59] is **DENIED**, and the Magistrate Judge's Order revoking the Defendant's bond [Doc. 58] is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed: February 6, 2012

Martin Reidinger
United States District Judge